**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

**JOHN F. ZEBROWSKI,**

                           **Petitioner,**

      **vs.**

**SUPERINTENDENT, Auburn Correctional**
**Facility,**

                         **Respondent.**

**Civil Action No.**
**9:09-CV-461 (NAM)**

---

**APPEARANCES:**

John F. Zebrowski
91-a-4715
Auburn Correctional Facility
P.O. Box 618
Auburn, New York 13021
Petitioner, *Pro se*

**Norman A. Mordue, Chief U.S. District Judge**

**<u>ORDER</u>**

      The Clerk has sent to the Court a petition for a writ of habeas corpus brought by petitioner John F. Zebrowski pursuant to 28 U.S.C. § 2254 and an application to proceed *in forma pauperis*. Dkt. Nos. 1, 2. Petitioner, who is currently incarcerated at the Auburn Correctional Facilily, has not paid the required filing fee.

      Petitioner complains of a judgment of conviction rendered in Albany County on May 22, 1991. Petitioner was convicted by a jury of depraved indifference murder and was sentenced to serve an indeterminate term of twenty-five years to life in prison. *See* Dkt. No. 1 at 2. Petitioner states that the Appellate Division, Third Department, affirmed his conviction on November 24, 1993, and that the New York Court of Appeals denied leave to appeal on February 11, 1994. *Id.* at 3.

Petitioner states that he filed several collateral motions challenging his conviction in state court beginning in 2005.  Petitioner's first motion to vacate his conviction pursuant to New York's Criminal Procedure Law ("CPL") §440.10 was filed on August 4, 2005 and was denied on September 30, 2005. *See* Dkt. No. 1 at 4.  A second CPL § 440.10 motion was filed on July 14, 2008, and was denied on July 16, 2008.  *Id.* at 5. Petitioner also states that he filed two separate writs of error coram nobis.  The first was filed on July 17, 2007, and was denied on May 12, 2008. *Id.* at 4-5.  The second was filed on October 17, 2008, and was denied on December 5, 2008.  *Id.*[1]  Petitioner also states that the New York Court of Appeals denied leave to appeal on March 2, 2009.  *Id.* at 7.

Petitioner previously filed a habeas petition in this Court on June 23, 1997 in which he attacked the same conviction that is the subject of his current petition.  *See Zebrowski v. Keane*, No. 97-CV-874, 1997 WL 436820, at *1 (N.D.N.Y. 1997)(Pooler, J.), *reconsideration denied* 1998 WL 99370 (N.D.N.Y. 1998)(Pooler, J.).  The court found the petition was time-barred under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") and ordered the petition dismissed on that basis unless petitioner filed an amended petition within thirty days of the date of service of the order indicating that the petition was not time-barred.  *Zebrowski*, 1997 WL 436820, at *2. On August 29, 1997, petitioner submitted a motion for reconsideration, arguing that he should have been given a "reasonable time after the enactment of the AEDPA" to file his petition, and that he gave prison officials his petition before the expiration of that "reasonable time."  *Zebrowski*,, No. 97-CV-874, Dkt. No. 5, 1998 WL 99370 at *1.  In an Order dated February 19, 1998,  the district court denied petitioner's motion and dismissed the petition as time-barred, noting that the petition was dated by petitioner "on May 8, 1997 -more than one year

---

[1]Petitioner included this information on a separate sheet of unnumbered paper that was placed between pages five (5) and six (6) of his petition.

after the enactment of the AEDPA." *Zebrowski*, 1998 WL 99370, at *1 (N.D.N.Y. Feb. 19, 1998)(Pooler, J.).  On May 30, 2000, the Second Circuit denied petitioner's motion for a certificate of appealability and dismissed the appeal, also finding that the petition was untimely. *See Zebrowski*, No. 97-CV-874, Dkt. No. 15.

In his current petition, petitioner raises thirteen separate grounds for relief: (1) he was improperly indicted and tried for intentional and depraved indifference murder, and the jury was improperly instructed as to those counts; (2) the trial court improperly granted the prosecutor three challenges for cause to excuse jurors; (3) the prosecutor failed to turn over a report pertaining to the victim; (4) the prosecutor committed a *Rosario*[2] violation during the suppression hearing; (5) witnesses were improperly excluded during trial; (6) the trial court failed to charge the jury on justification; (7) the trial court failed to instruct the jury that the prosecutor bore the burden of proof; (8) appellate counsel was ineffective; (9) the prosecutor committed a *Rosario* violation during trial by not turning over a witness's statement; (10) trial counsel was ineffective; (11) the prosecutor's summation was prejudicial; (12) the prosecutor failed to prove a chain of custody for a hammer; and (13) his constitutional rights were violated. *See* Dkt. No. 1 at 6-11 and attached sheets.  For a more complete statement of the claims, refer to the petition.

In addition to establishing a statute of limitations for habeas petitions, the AEDPA also placed restrictions upon the filing of second or successive petitions.  The AEDPA requires individuals seeking to file a second or successive habeas corpus petition to obtain leave of the appropriate Court of Appeals for an order authorizing the district court to consider the second or successive application. *See* 28 U.S.C. §§2244(b)(1)-(3).  *See also* Rule 9 of the Rules Governing

---

[2]*People v. Rosario*, 9 N.Y.2d 286 (1961), *cert. denied* 386 U.S. 866 (1961).

Section 2254 Cases in the United States District Courts ("Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4)."). A district court has no jurisdiction to decide a second or successive habeas petition on the merits without authority from the appropriate Court of Appeals. *See Burton v. Stewart*, 549 U.S. 147, 153 (2007) ("Burton twice brought claims contesting the same custody imposed by the same judgment of a state court. As a result, under AEDPA, he was required to receive authorization from the Court of Appeals before filing his second challenge. Because he did not do so, the District Court was without jurisdiction to entertain it."); *Bryant v. Donnelly*, No. 02-CV-1271, 2007 WL 405854, at *4 (N.D.N.Y. Feb. 1, 2007)(Kahn, D.J. adopting Report-Recommendation of DiBianco, M.J.)("[T]he authorization requirement [for second or successive habeas petitions] is jurisdictional and therefore cannot be waived.")(quoting *Torres v. Senkowski*, 316 F.3d 147, 149 (2d Cir. 2003).

The petition now pending is a second or successive petition because petitioner's claims constitute a challenge to the same underlying conviction that he challenged in his previous habeas petition that was denied and dismissed on the merits in this district in 1998. *Zebrowski*, 1998 WL 99370 at *1-2.[3] The Second Circuit has stated that when a district court is presented with a second or successive habeas petition, the appropriate procedure is for the district court to transfer the case to the Circuit pursuant to 28 U.S.C. § 1631 for a determination under 28 U.S.C. § 2244(b)(3)(A)-(B) as to whether the petitioner should be permitted to file a second or successive

_____

[3]The Second Circuit has held that the "dismissal of a § 2254 petition for failure to comply with the one-year statute of limitations constitutes an adjudication on the merits that renders future petitions under § 2254 challenging the same conviction "second or successive" petitions under § 2244(b)." *Murray v. Greiner*, 394 F.3d 78, 81 (2d Cir. 2005).

habeas petition in the district court. *Torres v. Senkowski*, 316 F.3d 147, 151-52 (2d Cir. 2003); *Liriano v. United States*, 95 F.3d 119, 123 (2d Cir. 1996). Thus, petitioner's petition is hereby transferred to the Second Circuit Court of Appeals.

This Court makes no ruling as to petitioner's *in forma pauperis* application (Dkt. No. 2), thereby leaving that determination to the Second Circuit.

**WHEREFORE**, it is hereby

**ORDERED** that the Clerk of the Court transfer this matter to the United States Court of Appeals for the Second Circuit pursuant to 28 U.S.C. § 1631for a determination under 28 U.S.C. §2244(b)(3)(A)-(B) as to whether petitioner should be authorized to file a second or successive habeas petition in the district court; and it is

**ORDERED** that the Court makes no ruling as to petitioner's *in forma pauperis* application (Dkt. No. 2), thereby leaving that determination to the Second Circuit; and it is

**ORDERED** that the Clerk serve a copy of this Order on petitioner in accordance with the Local Rules.

**IT IS SO ORDERED.**

Date:  April 27, 2009

Norman A. Mordue
Chief United States District Court Judge